## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ENERGY POLICY ADVOCATES ) <br> 170 S. Lincoln Street ) <br> Suite 150 ) <br> Spokane, WA 99201 ) <br>         Plaintiff, ) <br> v. ) <br> ) <br> SECURITIES AND EXCHANGE COMMISSION ) <br> 100 F Street NE ) <br> Washington D.C. 20549-2736 ) <br> ) <br>         Defendant. ) | Case No. 22-cv-1312 |

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff ENERGY POLICY ADVOCATES ("EPA") for its complaint against Defendant U.S. SECURITIES AND EXCHANGE COMMISSION ("SEC"), alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*. for declaratory, injunctive, and other relief, seeking immediate processing and release of agency records responsive to three of Plaintiff's requests, following the SEC's failure to comply with the express terms of FOIA, including by failing to, e.g., fulfill its obligation to make a "determination" as that term is defined in *Citizens for Responsible Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 816 (D.C. Cir. 2013), by failing to respond to three FOIA requests, and by withholding responsive information in violation of Defendant's obligations.

### PARTIES

2. Plaintiff Energy Policy Advocates ("EPA") is a non-profit organization incorporated in the State of Washington and dedicated to transparency and open government. Energy Policy

Advocates uses state and federal open records law to inform the public on the operations of government including private influences on government policymaking and other actions.

3. Defendant Securities and Exchange Commission ("SEC") is an independent federal agency whose stated "mission of the SEC is to protect investors; maintain fair, orderly, and efficient markets; and facilitate capital formation", located in Washington, DC.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

5. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

6. EPA is not required to further pursue administrative remedies before seeking relief in this Court because the Defendant has failed to make timely "determinations" as that term is defined in *Citizens for Responsibility & Ethics in Wash v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013).

7. EPA has no obligation to further exhaust administrative remedies with respect to its FOIA requests. See, e.g., *Citizens for Responsibility & Ethics in Wash. v. U.S. Dept. of Justice*, 436 F. Supp. 3d 354, 359 (D.D.C. 2020) (citing various other cases and holding that the statutory text of FOIA relieves plaintiffs of any exhaustion requirement).

## ENERGY POLICY ADVOCATES' FOIA REQUEST

8. On March 30, 2022, Plaintiff submitted by email a request to Defendant seeking correspondence of four senior SEC appointees to or from certain White House email domains over the course of a seven-month period.

9. On April 1 and 2, 2022, respectively, Defendant acknowledged this request assigning it number 22-01541-FOIA and granted Plaintiff's request for fee waiver as a media outlet.

10. Defendant has not provided any substantive response or request for further information whatsoever.

11. On April 4, 2022, Plaintiff submitted by email another FOIA request to Defendant, in which Plaintiff sought correspondence of three senior SEC appointees to or from certain White House email domains over the course of a seven-month period.

12. Plaintiff's March 30, 2022, and April 4, 2022, requests noted, *inter alia*, "This request seeks the described records on <u>any email account</u>, whether officially assigned to the named staff, or any other: Any records meeting this description, on whatever email account they were sent or received are for obvious reasons presumptively inherently SEC-related. This request thereby also requires a credible and <u>non-conflicted search</u> not only of all email accounts assigned by SEC to the named staff but also any email account which the named staff has used at any time for work-related purposes." (Underlining in original.)

13. Plaintiff's March 30, 2022, and April 4, 2022, requests also noted, *inter alia*, "SEC is one of several federal/independent agencies proceeding on clearly parallel tracks toward regulating, directly or indirectly, greenhouse gases and without any clear congressional instruction or authority to that effect. SEC and SEC are proceeding with remarkably similar approaches and, presumably, independently of any political influence. Any records responsive to this request are of great public interest after SEC Chairman Glick responded unambiguously, in the negative, in testimony before the United States Senate Committee on Energy & Natural Resources on March 3, 2022 about SEC's controversial guidances and policy statements Policies to Guide Natural Gas Project Certifications pertaining to greenhouse gas emissions. Senator Bill Cassidy of Louisiana asked a direct question 'has anyone higher up in the [Biden] administration ever spoken to you in regards to somehow slow-walking or otherwise

impeding or otherwise accentuating policy that would have the effect of impeding the development of natural gas pipelines[?]'. The scope of the inquiry of what the White House may or may not have exercised pressure or influence on is very broad, and Commission Chairman Glick responded with an unambiguous no."

14. On April 6 and 7, 2022, respectively, Defendant acknowledged the aforementioned April 4 FOIA request and assigned it number 22-01573-FOIA. Defendant also granted Plaintiff's request for fee waiver as a media outlet.

15. Defendant has not provided any substantive response whatsoever or request for further information regarding the April 4 FOIA request.

16. On April 11, 2022, Plaintiff submitted by email another FOIA request to Defendant in which Plaintiff sought calendars, which term it defined, for two SEC Commissioners over a seven-month period, noting that, because Commissioner calendars are posted online, if sometimes as long as two-plus months after the fact, these calendars are derived from particular sources and highly unlikely from memory, Plaintiff sought the original calendars from which the publicly posted calendars are derived.

17. On April 12, 2022, Defendant SEC bifurcated the aforementioned April 11 FOIA request, assigning each new request the numbers 22-01625-FOIA (Gensler) and 22-01626-FOIA (Herren Lee), which requests are substantively identical except for the Commissioner whose calendars Plaintiff seeks.

18. On April 13, 2022, Defendant granted Plaintiff's request for fee waiver as a media outlet.

19. Defendant has not otherwise responded to the first half of the April 11, 2022, request 22-01625-FOIA ("Gensler"), in any way whatsoever.

20. Defendant has improperly withheld records in response to all three of these requests in violation of FOIA.

## FIRST CLAIM FOR RELIEF
### Duty to Produce Records – Declaratory Judgment

21. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

22. Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business.

23. Plaintiff has a statutory right to the information it seeks, and Defendant has unlawfully withheld the information.

24. Plaintiff is not required to further pursue administrative remedies.

25. Plaintiff asks this Court to enter a judgment declaring that:

    a. Plaintiff is entitled to records responsive to its FOIA request described above, and any attachments thereto, but Defendant has failed to provide the records;

    b. SEC's processing of Plaintiff's FOIA requests described above is not in accordance with the law, and does not satisfy SEC's obligations under FOIA;

    c. SEC must now produce records responsive to Plaintiff's requests, and must do so without cost to the Plaintiff.

## SECOND CLAIM FOR RELIEF
### Duty to Produce Records – Injunctive Relief

26. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

27. Plaintiff is entitled to injunctive relief compelling Defendant to produce the records responsive to the FOIA requests described herein.

28. Plaintiff is entitled to injunctive relief compelling Defendant to grant the Plaintiff's requests for a fee waiver.

29. Plaintiff asks the Court to enter an injunction ordering Defendant to produce to Plaintiff, within 20 business days of the date of the order, the requested records sought in Plaintiff's FOIA requests described above, and any attachments thereto, at no cost to the Plaintiff.

30. Plaintiff asks the Court to order the Parties to consult regarding withheld documents and to file a status report to the Court within 30 days after Plaintiff receives the last of the produced documents, addressing Defendant's preparation of a *Vaughn* log and a briefing schedule for resolution of remaining issues associated with Plaintiff's challenges to SEC's withholdings, if any, and any other remaining issues.

## THIRD CLAIM FOR RELIEF
### Costs And Fees – Injunctive Relief

31. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

32. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

33. This Court should enter an injunction or other appropriate order requiring the Defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

## PRAYER FOR RELIEF

Institute for Energy Research respectfully requests this Court:

1. Assume jurisdiction in this matter, and maintain jurisdiction until the Defendant complies with FOIA and every order of this Court;

2. Declare Defendant has violated FOIA by failing to provide Plaintiff with the requested records, by failing to grant Plaintiff's requests for a fee waiver, and/or by failing to notify Plaintiff of final determinations within the statutory time limit;

3. Declare that the documents sought by the request, as described in the foregoing paragraphs, are public records under 5 U.S.C. § 552 *et seq*. and must be disclosed;

4. Order Defendant to expeditiously provide the requested records to Plaintiff within 20 business days of the Court's order;

5. Award Plaintiff's attorneys their fees and other litigation costs reasonably incurred pursuant to 5 U.S.C. § 552(a)(4)(E); and

6. Grant such other relief as this Court deems just and proper.

Respectfully submitted this the 12th day of May, 2022,

        ENERGY POLICY ADVOCATES
        By Counsel:

        <u>/s/Matthew D. Hardin</u>
        Matthew D. Hardin, D.C. Bar No. 1032711
        Hardin Law Office
        1725 I Street NW, Suite 300
        Washington, DC 20006
        Phone: (202) 802-1948
        Email: MatthewDHardin@protonmail.com

        Christopher Cochran Horner, D.C. Bar #440107
        1725 I Street NW, Suite 300
        Washington, DC 20006
        (202) 262-4458
        chris@chornerlaw.com

        *Counsel for Plaintiff*